**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Jointly Administered |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**DELAWARE BSA, LLC (CASE NO. 20-10342)**

---

[1]     The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**Introduction**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC, the non-profit corporations that are debtors and debtors in possession in the above-captioned chapter 11 cases (together, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Court"), pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes, methodology, and specific disclosures regarding the Debtors' Schedules and Statements (these "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each of the Schedules and Statements. These Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[1]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and

---

[1] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to an individual Debtor's Schedules and Statements and not those of another Debtor should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to the Debtors' other Schedules and Statements, as applicable. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein or in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Although reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, without limitation, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their board members, officers, agents, attorneys and financial advisors are advised of the possibility of such damages.

Michael Ashline, in his capacity as the Chief Financial Officer of the Debtors, has signed each of the Schedules and Statements. Mr. Ashline is an authorized signatory for the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ashline necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Ashline has not (nor could have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

1.  **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation: the right to amend the Schedules and Statements with respect to a claim (each, a "Claim") description, designation, or the Debtor against which the Claim is asserted; to dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; to subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or to object to the extent, validity, enforceability, priority or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" shall not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim shall not constitute an admission of liability by the Debtor against which the Claim is listed or against either of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable

subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. No specific reservation of rights contained elsewhere in these Global Notes shall limit in any respect the general reservation of rights contained in this paragraph.

2.    **Description of Cases and "As Of" Information Date**. On February 18, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 61]. The Debtors continue to operate their organization and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 5, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "UCC") and an official committee of tort claimants (the "Tort Claimants' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket Nos. 141, 142]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

The asset and liability information provided in the Schedules represents the asset and liability data of the Debtors as of the Petition Date, except as otherwise noted.

3.    **Identified Property**. Details with respect to the Debtors' Identified Property (as defined in the Identified Property Motion, defined below) are provided in the *Debtors' Motion for Entry of an Order (I) Scheduling Certain Deadlines in Connection with Potential Disputes Regarding the Debtors' Identified Property and (II) Granting Related Relief* [Docket No. 19] (the "Identified Property Motion"). Because the official forms of the Schedules do not distinguish whether property may be subject to enforceable restrictions under applicable law and/or may be otherwise unavailable to satisfy creditor claims, the Debtors have endeavored in these Global Notes and accompanying Statements to highlight Identified Property wherever possible to provide creditors with more accurate information as to the assets potentially available to satisfy their claims. The Debtors determined the best way to capture the Identified Property, while at the same time providing meaningful disclosure, is to report Identified Property in response to question 21 of the Statements as assets held for another. While some of the Identified Property is not "held for another" strictly speaking (e.g., as in a formal trust structure), the Debtors believe reporting Identified Property on the Statement, rather than on Schedule A/B, is more appropriate given that the inclusion of such property on Schedule A/B may result in a significant overstatement of assets available for distribution to creditors. While the Debtors and their professionals have used their best efforts in good faith to bifurcate Identified Property in these disclosures, the review of the Debtors' records is ongoing and may reveal additional restrictions. Accordingly, failure to identify particular assets as restricted in these Global Notes, Statements or Schedules does not constitute an admission by the Debtors that such assets are available to satisfy creditor claims.

4.    **Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all

of their assets.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.  Because the book values of certain assets, including, without limitation, artwork, patents, trademarks and copyrights, may materially differ from the fair market values of such assets, the Debtors have listed certain assets with undetermined values.  In addition, certain assets may not appear in the Schedules and Statements because the Debtors have depreciated the entire book value of such assets or otherwise expensed such assets in their entirety. The Schedules and Statements of such Debtors reflect only the undetermined value of the Debtors' ownership of their direct subsidiaries.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that a Debtor was solvent or insolvent as of the Petition Date.

5.      **Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' organization.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed thereon were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

6.      **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

7.      **Excluded Assets and Liabilities**.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that the Debtors may or may not reject, to the extent such damage Claims exist or may arise.  In addition, certain immaterial assets and liabilities may have been excluded.

The Court has authorized the Debtors to pay, in their discretion, certain outstanding prepetition Claims on a postpetition basis.  Certain prepetition liabilities which have been paid postpetition may have been excluded from the Schedules and Statements.  Prepetition trade liabilities which have been paid postpetition pursuant to this authorization have been marked as "contingent" in these Schedules and Statements.

8.      **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons

in control of the Debtors; and (e) Debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and, by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision-making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9. **Intellectual Property Rights**.   Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10. **Executory Contracts**.   Although the Debtors made reasonable and diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so given the complexity and size of the Debtors' organization. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

11. **Classifications**.   Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Part 1 of Schedule E/F as "priority," (c) a Claim on Part 2 of Schedule E/F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claims or contracts or to setoff of such Claims.

12. **Claims Description**.   Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Schedule or Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent" or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. **Causes of Action**.   Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege,

license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

b.    Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.    Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court.    Accordingly, certain scheduled liabilities have been flagged as "contingent."  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

d.    Liens.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or may have attached) to such property and equipment.

15.    **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

16.    **Intercompany Claims**.  Intercompany payables and receivables among the Debtors in these chapter 11 cases and among the Debtors and their non-debtor affiliates are reported at book value on Schedule A/B or Schedule E/F, as applicable.  Intercompany transfers between the Debtors and their non-debtor affiliates are set forth on Statement 4. Intercompany balances are reflected as of the Petition Date throughout the Schedules and Statements.  In the ordinary course of operations, receivables and payables are created between and among the Debtors and their non-Debtor affiliates.   Unless otherwise noted in the Schedules and Statements, the Debtors record the resulting net balances of these transactions in their books and records as equalized entries that have been entered into in the ordinary course of operations.   The listing of any amounts with respect to such receivables and payables is not and shall not be construed as an admission of the characterization of such balances as debt, or otherwise.   Furthermore, the listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or Claim status of any intercompany liability account.   The

Debtors reserve all rights to later change the characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

The Debtors may act on behalf of another Debtor or non-debtor in the ordinary course of their organizational operations. This process is described in greater detail in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Obligations Under Shared Services Arrangements, (II) Authorizing Continued Performance of Obligations Under Shared Services Arrangements, and (III) Granting Related Relief* [Docket No. 15] (the "Shared Services Motion"). The Debtors have made reasonable efforts to indicate the ultimate beneficiary of a payment or obligation. Whether or not a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein shall constitute an admission that any particular Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

17.  **Setoffs**. The Debtors periodically incur certain setoffs in the ordinary course of operations. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, and other disputes between the Debtors and their customers and/or suppliers. Such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.

18.  **Employee, Victim and Minor Information**. Where applicable, the Debtors have redacted the identities and/or personal contact information of holders of abuse claims, the parents or legal guardians of any minor involved in litigation against either of the Debtors, and current and former employees or volunteers of the Debtors in accordance with the *Final Order (I) Authorizing the Debtors to File (A) a Consolidated List of Counsel Representing the Largest Numbers of Abuse Victims and (B) a Consolidated List of Other Unsecured Creditors of the Debtors, (II) Authorizing and Approving Special Noticing and Confidentiality Procedures, and (III) Granting Related Relief* [Docket No. 274].

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedules A/B**

**Part 1**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Use Their Cash Management System, Including Existing Bank Accounts, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms; (II) Waiving the Requirements of Section 345(b) For Cause; and Granting Related Relief* [Docket No. 13] (the "Cash Management Motion"). Amounts identified in Item 2 of Part 1 reflect actual amounts in the respective accounts as of the Petition Date and may vary from the amounts currently reflected in the Debtors' books and records. While the full amount of the Deferred Compensation Investment Account with Fidelity, which is described in greater detail in the Cash Management

Motion, has been included in Question 4 of Part 1, the Deferred Compensation Investment Account contains two subaccounts: one for employees of the BSA, and one containing funds contributed by and held in the name of certain Local Councils with employees who participate in the 457(b) Plan (as defined in the Cash Management Motion).  Funds in the Deferred Compensation Investment Account are invested solely at the direction of the individual participants in the 457(b) Plan.

**Part 2**.  The Court has entered a final order granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from altering, Refusing, or Discontinuing Services, (III) Approving Procedures for Resolving Additional Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 12], which authorized the Debtors to provide adequate assurance of payment for future utility services, including an initial deposit in the amount of $301,900.00 [Docket No. 273] (the "Utilities Order").  Such deposits are not listed on Schedule A/B, which is presented as of the Petition Date.  Additionally, the amounts set forth on Part 2 of Schedule A/B do not include amounts held as retainers by professionals.

**Part 4**.  Ownership interests in subsidiaries and the BSA Commingled Endowment Fund, LP have been listed in Schedule A/B, Part 4 as undetermined amounts, as the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

**Part 6**.  Certain off-balance sheet farm equipment listed in this response may not have a depreciation schedule available.

**Part 8**.  Certain off-balance sheet vehicles listed in this response may not have a depreciation schedule available.

**Part 9**.  For the Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  Buildings and land improvements are listed on Schedule A/B independent of whether the real property to which the building or land improvement is connected is Debtor-owned property.  The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

Certain real property owned by the Debtors is pledged to secure the Debtors' obligations under their prepetition funded indebtedness, including the Debtors' Texas headquarters and the Debtors' high-adventure facilities in Florida, New Mexico, and Minnesota/Canada.  A detailed description of such prepetition obligations can be found in the *Debtors' Motion for Interim and Final Orders (I) Authorizing the Debtors to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to the Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363 and 507; (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b); and (IV) Granting Related Relief* [Docket No. 5] (the "Cash Collateral Motion").

**Part 10**.  Because the Debtors do not attribute any book value to their customer lists and other intellectual property, the Debtors have listed these assets with undetermined values.  The Debtors' intellectual property may include the Debtors' rights under various agreements set forth on Schedule G.

**Part 11**.  In the ordinary course of their organizational operations, the Debtors may have accrued, or may subsequently accrue, certain rights to counter claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be parties to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter claims and/or cross-claims as a defendant.  Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.

The Debtors are non-profit entities under 26 U.S.C. § 501(c)(3) and therefore are not obligated to pay federal income taxes in the United States related to their charitable or educational purposes. However, the Debtors pay unrelated business income taxes, income taxes in Canada, and a franchise tax to the state of New Mexico in connection with their in-state operations. The Debtors have incurred approximately $41.7 million in net operating loss carryforwards for federal and state income tax purposes.

**Schedule D**.  Except as otherwise agreed pursuant to a stipulation or final order of the Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  The secured debt is jointly and severally the responsibility of the Debtors, and, as such, the liability has been listed with respect to each Debtor who is an obligor or guarantor of such debt.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  As set forth on the Schedules, the amounts outstanding under the prepetition credit facilities reflects approximate amounts as of the Petition Date.

Although Arrow WV, Inc. ("Arrow") is a guarantor of certain prepetition obligations of the Debtors, prior to the Petition Date, on February 17, 2020, the Debtors and Prepetition Secured Parties (as defined in the Cash Collateral Motion) entered into that certain Limited Waiver, waiving certain existing and prospective events of default with respect to Arrow under the Prepetition Loan Documents.  Arrow is not a Debtor in these chapter 11 cases.

## Schedule E/F

**Part 1**.  The Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on March 26, 2020, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [Docket No. 295], which authorized the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  Similarly, on February 19, 2020, the Court entered the *Interim Order (I) Authorizing the Payment of Certain Taxes and (II) Granting Related Relief* [Docket No. 64].  To the extent such Claims have been paid or may be paid pursuant to further Court order, they may not be included on Part 1 of Schedule E/F.

**Part 2**.  The Debtors have used reasonable efforts to report all non-priority general unsecured Claims against the Debtors on Part 2 of Schedule E/F based upon the Debtors' existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances, including the right to assert objections and/or setoffs with respect to the same.  Part 2 does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.  The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed on Part 2 of Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Determining the date upon which each Claim on Part 2 was incurred or arose would be unduly burdensome and cost prohibitive.  As a result, the Debtors have not listed a date for each Claim listed on Part 2.

Part 2 of Schedule E/F contains information regarding pending litigation involving the Debtors.  The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  This section also contains Claims listed as "Abuse Litigation," "Abuse Pending Claims," and "Abuse Asserted Claims" for which the Debtors have received sufficient contact information from the claimants and in which the Debtors have reasonably ascertainable records.

Claims marked as "Abuse Litigation" consist of Claims in which lawsuits are pending against the Debtors. Claims marked as "Abuse Pending Claims" and "Abuse Asserted Claims" consist of Claims in which abuse claimants have contacted the Debtors to report their Claims or Claims of which the Debtors are otherwise aware but for which a lawsuit has not yet been filed.

Part 2 of Schedule E/F does not include obligations owed by third party insurance companies on account of abuse-related liabilities, including, without limitation, defense costs due and owing to litigation defense counsel and related professionals.

Part 2 of Schedule E/F contains Claims of BSA employees and Local Council employees on account of the Restoration Plan (as defined in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits and Other Compensation and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Authorizing Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* [Docket No. 14]), which was offered by the Debtors prior to the Petition Date. The Restoration Plan is a non-qualified defined benefit retirement plan under section 457(f) of the Internal Revenue Code. Such claims, which are unliquidated, are based on a preliminary actuarial determination and the actual amount of the Claims may vary. Restoration Plan Claims of the Local Council employees have been marked as "contingent," as the Debtors believe that such Claims are properly asserted against the Local Councils.

Part 2 of Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts may, however, be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Prepetition Customer, Scout and Donor Programs**. Pursuant to the *Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Prepetition Customer, Scout, and Donor Programs and Practices and (B) Pay and Honor Certain Prepetition Obligations and (II) Granting Related Relief* [Docket No. 279] (the "Public Programs Final Order"), the Debtors have the authority to honor certain prepetition customer, scout and donor programs. Accordingly, certain debts arising from these programs have not been included in the Schedules.

With respect to gift cards, the Debtors cannot ascertain the identity of the vast majority of the holders of such gift cards or whether such cards are still in existence. Therefore, the Debtors have not included any holders of gift cards on the Schedules. The Debtors estimate that approximately $2.5 million of gift cards were outstanding as of the Petition Date, and this amount is not specifically identified on the Schedules. Pursuant to the Public Programs Final Order, if the Debtors at any time during these chapter 11 cases cease to honor Gift Cards, the Debtors shall file a notice of the same with the Court, and serve such notice on the Office of the U.S. Trustee, the UCC, the Tort Claimants' Committee, the proposed future claimants' representative, and any party that has requested notice pursuant to Bankruptcy Rule 2002.

**Schedule G**. Although the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and the Debtors

have made diligent efforts to ensure the accuracy of each Debtor's Schedule G, inadvertent errors and omissions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. The Debtors reserve all of their rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable against one or more of the Debtors. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary for an organization of the Debtors' complexity and size, the Debtors are party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtors have therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, without limitation, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon. In some cases, the same counterparty appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such counterparty.

The Debtors may have entered into various other types of agreements in the ordinary course of their operations, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and title agreements. Such documents may not be set forth on Schedule G. Further,

the Debtors reserve all of their rights to alter or amend the Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory contracts or unexpired leases that have not been reduced to writing, if any, are not included on Schedule G.

The Debtors' omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The Debtors utilize purchase orders to obtain goods from various vendors in the ordinary course of business. The Debtors' rights under the Bankruptcy Code with respect to any such omitted purchase orders are not impaired by the omission.

The Debtors reserve all of their rights, claims and Causes of Action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.  In addition, the Debtors reserve all of their rights to dispute the validity and/or effectiveness of any contract, agreement or lease identified on Schedule G or to amend Schedule G at any time to remove any such contract, agreement or lease.

**Schedule H**.  The Debtors and non-debtor affiliate that are either principal obligors or guarantors with respect to the Debtors' prepetition funded debt are listed as co-debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or guarantees are discovered to have expired or to be unenforceable.

The BSA is involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and/or defendants, certain of which have asserted or may assert cross-Claims or counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on Part 2 of BSA's Schedule E/F and Statement 7, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 2.**  Statement 2 presents all non-business revenue received by the Debtors. To be consistent with the ordinary course financial reporting, investment income is reported net of brokers' fees.

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (which payments appear in Statement 4), bankruptcy professionals (which payments appear in Statement 11) and employees.  Disbursements made on account of multiple invoices may be reflected as a single payment.  For additional detail on the Debtors' cash management system, see the Cash Management Motion. All transfers in Part 2, Question 3 of the Statements are listed as of the payment date.

**Statement 4**.  Statement 4 presents (a) transactions among the Debtors, (b) transactions between the Debtors and their non-debtor affiliates and (c) other transfers to insiders.  As described in the Shared Services Motion, in the ordinary course of their organizational operations, the Debtors provide certain services to, and engage in intercompany transactions with, the Related Non-Debtor Entities (as defined in the Shared Services Motion), resulting in receivables and payables between the applicable Debtor and Related Non-Debtor Entity (as defined in the Shared Services Motion, the "Related Entity Transactions").

With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals in the year before the Petition Date, including compensation, bonuses, other employee benefits, and expense reimbursements.  The payroll-related amounts shown in response to this question are gross amounts that do not include reductions for amounts relating to employee tax or benefit withholdings.  For the sake of completeness and out of an abundance of caution, the Debtors have listed transfers valued at less than $6,825 in their response to Question 4.

**Statement 6**.  Certain professionals provided both bankruptcy-related and non-bankruptcy related services to the Debtors.  The figures presented in Part 6, Question 11 may include amounts related to non-bankruptcy matters incurred by professionals who also advised the Debtor with respect to bankruptcy-related issues.  The Debtors did not attempt to delineate in Part 6, Question 11 the payments to such professionals related only to advice on bankruptcy issues or to separately account for invoices for non-bankruptcy services, which in some cases would require additional analysis.  In addition, although not representatives or professionals of the Debtors, out of an abundance of caution, the Debtors have also included payments made to Young Conaway Stargatt & Taylor, LLP and Ankura Consulting Group, LLC in association with their representation of James R. Patton in his role as the prepetition FCR.

**Statement 7**.  Statement 7 lists only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum as of the Petition Date.  The Debtors have not included confidential matters in response to this question where disclosure would violate certain laws or where the investigating jurisdiction has requested confidentiality.  Additionally, any information listed in Statement 7 shall not be a binding admission of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.  The Debtors reserve all rights with respect to the suits and administrative proceedings listed in Statement 7, and any claims filed in relation to such suits and administrative proceedings.

**Statement 9**.  Certain *de minimis* gifts that are not reported or tracked centrally may have been excluded. Certain gifts included in this response were paid to organizations affiliated with members of the BSA National Executive Board.  These gifts are disclosed in both Statement 9 and Statement 4.  In some instances, gifts made out of a BSA bank account are on behalf of National Boy Scouts of America Foundation.  These gifts are disclosed in response to Statement 9.

**Statement 10**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors may not, however, have records of all such losses to the extent such losses do not have a material impact on the Debtors' organization or are not reported for insurance purposes.  Therefore, some losses may have been excluded.

**Statement 11**.    All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to SOFA 11.    Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**Statement 16**.  In the ordinary course of their organizational operations, the Debtors collect certain personally identifiable information ("PII"), including but not limited to, their customers' names, billing and shipping addresses, phone number(s), birthdates, and email addresses.  The Debtors maintain a privacy policy regarding the use of PII.

**Statement 21**.  The Debtors hold various pieces of artwork, miscellaneous Scouting items, and historical memorabilia and equipment that is owned by others.  The value of these items can be and often is material; however, it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of these assets.  Accordingly, the applicable Debtors have listed the value of artwork, Scouting items, and historical memorabilia as undetermined in Statement 21.

**Statements 22–24**.    The Debtors have made reasonable efforts to identify all applicable environmental information as required by Part 12.  These efforts included reviewing the Debtors' environmental records and incorporating the historical knowledge of the Debtors into the Schedules and Statements to the extent applicable and practicable.

**Statement 26a-c**.  The Debtors have listed those individuals and/or firms that have been identified as having the primary responsibility to maintain or supervise the keeping of the Debtors' books and records.  Notwithstanding this listing, additional parties not listed may have had access to the Debtors' books and records, including individuals listed in response to Statements 28 and 29.

**Statement 26d**.        Pursuant to the requirements of the Internal Revenue Service, Boy Scouts of America has filed with the Internal Revenue Service (the "IRS") reports on Form 990 and Form 990-T. These IRS filings contain financial information relating to the Debtors. Additionally, financial information for the Debtors is posted on the BSA's website at https://www.scouting.org/about/annual-report/financial-statements/.  Because the IRS filings and the website are publicly available records, the Debtors do not maintain records of the parties that requested or obtained copies of any of the IRS filings from the IRS or the Debtors.

In addition, in the ordinary course of their operations, the Debtors provide certain parties, such as financial institutions, investment banks, auditors, parties to mediation, insurance providers, vendors, and financial advisers, financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists to track such disclosures.  As such, the Debtors have not provided lists of these parties in response to this question.

**Statement 30**.  Where applicable, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

Debtor name  Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  20-10342 (LSS)

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**   **Summary of Assets**

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* ................................................................

    $ _____ 0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*................................................................

    $ _____ 9,690.60

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................

    $ _____ 9,690.60

---

**Part 2:**   **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ................

    $ _____ 0.00
    + undetermined amounts

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................

    $ _____ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ........................

    **+** $ _____ 0.00

4. **Total liabilities** ................................................................................................
    Lines 2 + 3a + 3b

    $ _____ 0.00
    + undetermined amounts

**Fill in this information to identify the case:**

Debtor name   Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  20-10342 (LSS)

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property      12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**    $_____0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. See Attached Rider | | ___ ___ ___ ___ | $_____9,690.60 |
| 3.2. | | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

| 4.1. None | $_____0.00 |
|---|---|
| 4.2. | $_____ |

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $_____9,690.60

## Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

| 7.1. | $_____ |
|---|---|
| 7.2. | $_____ |

Debtor    Delaware BSA, LLC
          Name

Case number *(if known)*  20-10342 (LSS)

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____    $_____

   8.2. _____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    $_____ 0.00

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    | | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    | | | | Current value of debtor's interest |
    |---|---|---|---|
    | 11a. 90 days old or less: | _____ face amount | – _____ doubtful or uncollectible accounts | = ....➔ $_____ |
    | 11b. Over 90 days old: | _____ face amount | – _____ doubtful or uncollectible accounts | = ....➔ $_____ |

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____ 0.00

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    | | | |
    |---|---|---|
    | 14.1. _____ | _____ | $_____ |
    | 14.2. _____ | _____ | $_____ |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                          % of ownership:

    | | | | |
    |---|---|---|---|
    | 15.1. _____ | _____% | _____ | $_____ |
    | 15.2. _____ | _____% | _____ | $_____ |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    | | | |
    |---|---|---|
    | 16.1. _____ | _____ | $_____ |
    | 16.2. _____ | _____ | $_____ |

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    $_____ 0.00

---

| Debtor | Delaware BSA, LLC | Case number (if known)  20-10342 (LSS) |
|---|---|---|
| | Name | |

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
    - ☒ No. Go to Part 6.
    - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**
    Add lines 19 through 22. Copy the total to line 84.

| | Current value of debtor's interest |
|---|---|
| | $_____ 0.00 |

24. **Is any of the property listed in Part 5 perishable?**
    - ☐ No
    - ☒ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    - ☐ No
    - ☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    - ☐ No
    - ☐ Yes

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
    - ☒ No. Go to Part 7.
    - ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| | $_____ | | $_____ |

Debtor      Delaware BSA, LLC
            Name

Case number *(if known)*   20-10342 (LSS)

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.

$_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No
    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value $_____    Valuation method _____    Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☒ No
☐ Yes

## Part 7:    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.

$_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor    Delaware BSA, LLC_____    Case number (*if known*)____20-10342 (LSS)_____
Name

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |
| **49. Aircraft and accessories** | | | |
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  Delaware BSA, LLC _____    Case number (if known)  20-10342 (LSS) _____
      Name

---

**Part 9:  Real property**

54.  **Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.2 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.3 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.4 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.5 _____ | _____ | $ _____ | _____ | $ _____ |
| 55.6 _____ | _____ | $ _____ | _____ | $ _____ |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 10:  Intangibles and intellectual property**

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $ _____ | _____ | $ _____ |
| 61.  **Internet domain names and websites**<br>_____ | $ _____ | _____ | $ _____ |
| 62.  **Licenses, franchises, and royalties**<br>_____ | $ _____ | _____ | $ _____ |
| 63.  **Customer lists, mailing lists, or other compilations**<br>_____ | $ _____ | _____ | $ _____ |
| 64.  **Other intangibles, or intellectual property**<br>_____ | $ _____ | _____ | $ _____ |
| 65.  **Goodwill**<br>_____ | $ _____ | _____ | $ _____ |

66.  **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

Debtor    Delaware BSA, LLC _____    Case number (if known) __20-10342 (LSS)__
          Name

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☒ No. Go to Part 12.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|--|--|

71. **Notes receivable**

Description (include name of obligor)

_____    _____ − _____ = ➔    $_____
                        Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____    Tax year _____    $_____
_____    Tax year _____    $_____
_____    Tax year _____    $_____

73. **Interests in insurance policies or annuities**

_____    $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____    $_____

Nature of claim    _____

Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____    $_____

Nature of claim    _____

Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____    $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____    $_____
_____    $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $_____ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☒ No

☐ Yes

Debtor    Delaware BSA, LLC
_____
          Name

Case number (*if known*)____20-10342 (LSS)____

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 9,690.60 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $ 9,690.60 | + 91b. $ 0.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................    $ 9,690.60

Debtor Name: Delaware BSA, LLC                                    Case Number:  20-10342 (LSS)

**Assets - Real and Personal Property**

**Part 1, Question 3:** Checking, savings, money market, or financial brokerage accounts

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| JPMORGAN CHASE | Depository Account | 3535 | $9,690.60 |
| | | **TOTAL** | **$9,690.60** |

**Fill in this information to identify the case:**

Debtor name Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known): 20-10342 (LSS)

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1** **Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**   Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to 2010 RCF Agreement - Revolver, Maturity Date of March 2, 2020

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____ Undetermined    $_____ Undetermined

**2.2** **Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**   Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to Letter of Credit No. NUSCGS018647 for the Benefit of Old Republic Insurance Company

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

$_____ Undetermined    $_____ Undetermined

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$_____ 0.00
+ undetermined amounts

| Debtor | Delaware BSA, LLC | Case number *(if known)* | 20-10342 (LSS) |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.3**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**   Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to 2010 RCF Agreement - Term Loan, Maturity Date of March 2, 2022

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ Undetermined    $ Undetermined

---

**2.4**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**   Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to 2019 RCF Agreement - LC Facility, Maturity Date March 21, 2021

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

$ Undetermined    $ Undetermined

---

Debtor    Delaware BSA, LLC
_____
Name

Case number (if known)    20-10342 (LSS)
_____

| Part 1: | Additional Page | | Column A Amount of claim Do not deduct the value of collateral | Column B Value of collateral that supports this claim |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| 2.5 | Creditor's name JPMORGAN CHASE BANK, N.A. | Describe debtor's property that is subject to a lien See Schedule D Disclosures | $ Underdetermined | $ Underdetermined |

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Describe the lien**
Guarantor to 2010 Bond Agreement, Due November 5, 2020

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**    Undetermined
**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?

**As of the petition date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

| 2.6 | Creditor's name JPMORGAN CHASE BANK, N.A. | Describe debtor's property that is subject to a lien See Schedule D Disclosures | $ Underdetermined | $ Underdetermined |

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Describe the lien**
Guarantor to 2012 Bond Agreement, Due March 9, 2022

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**    Undetermined
**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?

**As of the petition date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

Debtor    Delaware BSA, LLC
_____
　　　　　Name

Case number *(if known)*    20-10342 (LSS)
_____

| **Part 1:** | **Additional Page** | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | Column B<br>**Value of collateral<br>that supports this<br>claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.7**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**  Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

　　☐ No. Specify each creditor, including this creditor, and its relative priority.

　　☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to Letter of Credit No. CTCS-158221 for the Benefit of ACE American Insurance Company

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

$ Undetermined      $ Undetermined

---

**2.8**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Creditor's email address, if known**

**Date debt was incurred**  Undetermined
**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

　　☐ No. Specify each creditor, including this creditor, and its relative priority.

　　☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

**Describe the lien**
Guarantor to Letter of Credit No. CTCS-158223 for the Benefit of Liberty Mutual Insurance Company

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

$ Undetermined      $ Undetermined

---

Debtor   Delaware BSA, LLC
_____   Case number *(if known)*   20-10342 (LSS)
Name

| **Part 1:** | **Additional Page** | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially
from the previous page.

---

**2.9**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

$ Underdetermined     $ Underdetermined

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Describe the lien**
Guarantor to Letter of Credit No. CTCS-158225 for the Benefit of
Old Republic Insurance Company

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account**
**number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the**
**same property?**

☒ No
☐ Yes. Have you already specified the
relative priority?

☐ No. Specify each creditor, including
this creditor, and its relative priority.

**As of the petition date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

☐ Yes. The relative priority of  creditors is
specified on lines

---

**2.10**

**Creditor's name**
JPMORGAN CHASE BANK, N.A.

**Describe debtor's property that is subject to a lien**
See Schedule D Disclosures

$ Underdetermined     $ Underdetermined

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Describe the lien**
Guarantor to Letter of Credit No. CTCS-158224 for the Benefit of
Zurich American Insurance Company

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account**
**number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the**
**same property?**

☒ No
☐ Yes. Have you already specified the
relative priority?

☐ No. Specify each creditor, including
this creditor, and its relative priority.

**As of the petition date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

☐ Yes. The relative priority of  creditors is
specified on lines

---

| Debtor | Delaware BSA, LLC | Case number *(if known)*  20-10342 (LSS) |
|--------|-------------------|------------------------------------------|
| | Name | |

| **Part 1:** | **Additional Page** | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| 2.11 | **Creditor's name**<br>JPMORGAN CHASE BANK, N.A. | **Describe debtor's property that is subject to a lien**<br>See Schedule D Disclosures | $ Underdetermined | $ Underdetermined |

**Creditor's mailing address**
ATTN: PHIL MARTIN
10 S. DEARBORN STREET
MAIL CODE IL1-1415
CHICAGO, IL 60603

**Describe the lien**
Guarantor to Letter of Credit No. CTCS-158222 for the Benefit of
The Hartford Fire Insurance Company

**Creditor's email address, if known**

**Is the creditor an insider or related party?**

☒ No
☐ Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account number**

**Is anyone else liable on this claim?**

☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**

☒ No
☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition date, the claim is:**
Check all that apply.

☒ Contingent
☒ Unliquidated
☐ Disputed

| Debtor | Delaware BSA, LLC | Case number *(if known)* | 20-10342 (LSS) |
|--------|-------------------|--------------------------|----------------|
| | Name | | |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|------------------------------------------------------------|-------------------------------------------------|
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 3 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 2 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 3 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 1 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 1 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 4 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 2 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 4 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 8 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 7 | |

| Debtor | Delaware BSA, LLC | | Case number (if known) | 20-10342 (LSS) |
|---|---|---|---|---|
| | Name | | | |

## Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 5 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 8 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 5 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 7 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 6 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 10 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 11 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 6 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 10 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 11 | |

Debtor    Delaware BSA, LLC
_____
          Name

Case number (if known)  20-10342 (LSS)

---

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>1301 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10019-6022 | Line 9 | |
| JPMORGAN CHASE BANK, N.A.<br>C/O: NORTON ROSE FULBRIGHT US LLP<br>ATTN: LOUIS R. STRUBECK, JR.<br>2200 ROSS AVENUE<br>SUITE 3600<br>DALLAS, TX 75201-7932 | Line 9 | |

---

**Fill in this information to identify the case:**

Debtor ___Delaware BSA, LLC_____

United States Bankruptcy Court for the: _____ District of Delaware

Case number ___20-10342 (LSS)_____
(if known)

---

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

---

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☒ No. Go to Part 2.
   - ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1**   Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred     Basis for the claim:

_____     _____

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)

---

**2.2**   Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred     Basis for the claim:

_____     _____

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)

---

**2.3**   Priority creditor's name and mailing address

As of the petition filing date, the claim is: $ _____    $ _____
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred     Basis for the claim:

_____     _____

Last 4 digits of account number   __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)

---

Debtor    Delaware BSA, LLC
          Name                                                    Case number (if known)    20-10342 (LSS)

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |

**3.1** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

**3.2** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

**3.3** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

**3.4** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

**3.5** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

**3.6** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:          $ _____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: 0.00 _____

Date or dates debt was incurred    _____    **Is the claim subject to offset?**
Last 4 digits of account number    __ __ __ __          ☐ No
                                                        ☐ Yes

| Debtor | Delaware BSA, LLC | Case number *(if known)* | 20-10342 (LSS) |
|---|---|---|---|
| | Name | | |

## Part 3:    List Others to Be Notified About Unsecured Claims

**4.   List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Debtor | Delaware BSA, LLC | Case number *(if known)* 20-10342 (LSS) |
|---|---|---|
| | Name | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ | 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ | 0.00 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ | 0.00 |

**Fill in this information to identify the case:**

Debtor name    Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known): _____20-10342 (LSS)_____    Chapter    11

☐ Check if this is an amended filing

## Official Form 206G
# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name  Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  20-10342 (LSS)

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.4 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.5 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.6 Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |

Debtor    Delaware BSA, LLC
_____
          Name

Case number *(if known)*   20-10342 (LSS)
_____

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.7 | Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.8 | Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.9 | Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.10 | Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.11 | Boy Scouts of America | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 UNITED STATES | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.12 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.13 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.14 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.15 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.16 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |
| 2.17 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D ☐ E/F ☐ G |

Debtor    Delaware BSA, LLC
_____
Name

Case number (if known)  20-10342 (LSS)
_____

**Additional Page if Debtor Has More Codebtors**

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.18 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.19 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.20 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.21 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |
| 2.22 | Arrow WV, Inc. | 1325 WEST WALNUT HILL LANE IRVING, TX 75038 | JPMORGAN CHASE BANK, N.A. | ☒ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name  Delaware BSA, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (*If known*):    20-10342 (LSS)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/8/2020
          MM / DD / YYYY

✗ /s/ Michael A. Ashline
Signature of individual signing on behalf of debtor

Michael A. Ashline
Printed name

Chief Financial Officer & Treasurer
Position or relationship to debtor