

**Potter Anderson & Corroon LLP**
1313 North Market Street, 6th Floor
Wilmington, Delaware  19801-6108
302.984.6000
potteranderson.com

Jeremy W. Ryan
Partner
jryan@potteranderson.com
Direct  302.984.6108

April 7, 2026

**By Hand**

Hon. Chief Judge Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor
Wilmington, DE  19801

Re:    In re Boy Scouts of America, *et al.*
       Chapter 11 Case No. 20-10342 (LSS) (Jointly Administered)
       <u>Discovery Scheduling Dispute re: FCR's Motion for Judicial Resolution of Payment</u>
       <u>Percentage Dispute (Case No. 20-10343; Docket No. 13451)</u>

Dear Judge Silverstein,

The undersigned counsel represents the Settlement Trust Advisory Committee (the "<u>STAC</u>") in the above-referenced chapter 11 cases. We write to request the Court's resolution of issues related to the *Motion of the Future Claimants' Representative for Judicial Resolution of Payment Percentage Dispute* (Case No. 20-10343, Docket No. 13451) (the "<u>Motion</u>").  That motion relies heavily upon the work of, and proffers as an expert, Ankura Consulting Group LLC ("<u>Ankura</u>") in estimating the number of future claims that will be filed relating to claims of abuse occurring prior to the BSA petition date ("<u>Future Claims</u>").

The Future Claimants Representative ("<u>FCR</u>") and Ankura failed to produce documents in the customary and accepted format for economic expert reports (namely, underlying data and analysis with the coding used for all formulas and calculations) until Friday April 3, 2026. That production only covered the most recent Ankura work relating to Future Claims, what the FCR refers to as the Revised Ankura Report, appended to the Motion.  The FCR did not produce any materials related to the 2024 period in which Ankura was estimating and presenting on expected Future Claims, what the FCR refers to in the Motion as the Initial Ankura Report.  The FCR has said it will use best efforts to produce those materials by April 8, 2026.  The FCR has refused entirely, on the basis

of the work product doctrine, to produce any materials or documents from Ankura supporting its estimate of Future Claims done pre-petition through the confirmation hearing of BSA (the "2019-2022 Ankura Estimation'").[1]  The 2019-2022 Ankura Estimation is the foundation of the FCR's and Ankura's assertions regarding the number of Future Claims. That is where the FCR first claimed that there would be in excess of 11,300 Future Claims, the same estimate the FCR relies upon in the Motion.

The failure of the FCR to timely produce, or produce at all, Ankura materials directly effects the ability of the STAC's expert witness, Bates White, LLC ("Bates White") to prepare its report addressing Bates White's own conclusions with respect to Future Claims and rebutting Ankura's conclusions.  That then impacts the dates and time periods proposed by the FCR to complete discovery and trial preparation materials leading up to the evidentiary hearing scheduled for May 13 and 14, 2026.

The STAC respectfully requests first that the Court order the FCR and Ankura to produce all Ankura materials from all three time periods (the Revised Ankura Report, the Initial Ankura Report and, most importantly, the 2019-2022 Ankura Estimation) by no later than 5:00 p.m. on April 9, 2026 and that the production be in standard practice formats (again, providing the coding for all formulas, calculations, etc.).

The STAC then respectfully requests that the Court set dates for the exchange of a Bates White principal expert report and partial rebuttal (of the Revised Ankura Report materials provided through April 3, 2026) and simultaneous production of reliance materials on April 15, 2026,[2] which affords Bates White 12 days to review and rebut the Revised Ankura Report.  Ankura's rebuttal report to the Bates White principal expert report would be due on April 27, 2026, affording Ankura an equal amount of time with the Bates White supporting materials.  Bates White would be afforded until April 20, 2026 to supplement its rebuttal to address the Initial Ankura Report and the 2019-2022 Ankura Estimation.  As the FCR is not entitled to a surrebuttal report with respect to Bates White's rebuttal, there is no prejudice to Ankura's timely production of a rebuttal report. The deposition of Ankura would not occur until May 5 or after, so that the STAC has at least one week to fully prepare for Ankura's deposition.

### Background for Discovery at Issue

Since at least 2021, the FCR has asserted there will be in excess of 11,300 Future Claims.  *See* Disclosure Statement, Case No. 20-10343, Docket No. 6431, at Art. V, Sec. O ("Ankura … currently forecasts that the number of compensable Future Abuse Claims that may be asserted against the Settlement Trust is approximately 11,300….").  The FCR testified to that number and that it was provided by Ankura in the FCR's November 30, 2021 deposition.  *See, e.g.,* Nov. 30, 2021 Patton Deposition Tr., 46:9-16, 49:12-17, 121:20-23, attached hereto as **Exhibit 2**.  The FCR

---

[1] Ankura's time entries, as evidenced in their fee applications, clearly indicate the existence of these materials.  *See, e.g., Sixteenth Monthly Application of Ankura Consulting Group, LLC*, attached hereto as **Exhibit 1.**
[2] While Bates White cannot produce its reliance materials for this expert report prior to the report being completed, Bates White did issue a similar report in 2021 in connection with confirmation.  Bates White made a full production of all materials related to confirmation on April 2, 2026 (one day prior than Ankura's partial production of materials in support of the Ankura Revised Report, which report was completed and filed with the Court in February).

similarly testified at the confirmation hearing.  *See* Confirmation Hr'g Tr., 119:15-120:22., attached hereto as **Exhibit 3**.  Thus, the FCR makes clear that Ankura is the source of the 11,300 estimate.

The Motion relies upon the entirety of Ankura's estimation work in support of the Motion.  While the FCR now tries to distance itself from Ankura's prior work, in paragraph 7, the Motion specifically highlights the FCR's 2022 confirmation testimony regarding the estimate of Future Claims and Ankura's estimation work as the genesis of that number.  Motion at ¶ 7.  Prior to confirmation, no party was able to take any discovery of the FCR or Ankura related to Ankura's work.  That is because the FCR designated Ankura as a consulting witness, not a testifying witness, and invoked the work-product doctrine and refused discovery.  *See* Ex. 2, Nov. 30, 2021 Patton Deposition Tr., 47:12-19 ("Q.  Do you know how Ankura arrived at that determination? … MR. GUERKE: Objection, work product.  Ankura is a consulting expert in its work and analysis and opinions are privileged.").

In the Motion, the FCR relies upon the Initial Ankura Report to further support the soundness of the 2019-2022 Ankura Estimation.  Motion at ¶ 16.  The Revised Ankura Report is presented in the Motion as a continuation of the prior 7 years of estimation work and reinforcing the initial conclusions of the 2019-2022 Ankura Estimation.  Thus, the FCR has placed the entirety of Ankura's work at issue.  Indeed, it is impossible to fully understand Ankura's work without an understanding of how Ankura arrived at its conclusion – which conclusion remains unchanged – in the 2019-2022 time period.

Ankura is now a testifying expert.  The work-product doctrine cannot be used to shield Ankura's estimation work from discovery.  The STAC is entitled to full discovery of all of Ankura's work.  Following that production, reports and depositions must be scheduled in a manner that is equally fair to all parties and maintains the May 13 and 14 hearing dates.

## Background on Scheduling Dispute

Throughout seeking this discovery, the FCR has dragged out getting a schedule in place.  The FCR took the position for weeks that it would finish producing documents *after* Bates White's report was due.  The FCR proposed schedules where the STAC's objection to the Motion was due before the close of discovery on the Motion.  And the FCR would change dates without any explanation or justification, sometimes significantly moving up the STAC's deadlines, while providing more time for the FCR's deadlines.  A summary of the back and forth on scheduling is in the below chart.

| | FCR's 3.9.26 Proposed Schedule | STAC's 3.17.26 Proposed Schedule | FCR's 3.20.26 Proposed Schedule | STAC's 3.27.26 Proposed Schedule | FCR's 3.27.26 Proposed Schedule | FCR's 4.6.26 Proposed Schedule |
|---|---|---|---|---|---|---|
| **Document Requests** | March 20, 2026 | March 26, 2026 | March 26, 2026 | March 26, 2026 | March 26, 2026 | March 26, 2026 |
| **Expert Reports (STAC/Trustee)** | March 27, 2026 | April 10, 2026 | April 7, 2026 | April 17, 2026 | April 7, 2026 | April 14, 2026 |

| Hybrid Declarations (STAC/Trustee) | March 27, 2026 | April 10, 2026 | April 7, 2026 | April 17, 2026 | April 7, 2026 | April 10, 2026 |
|---|---|---|---|---|---|---|
| Completion of Document Production | April 3, 2026 | April 9, 2026 | April 9, 2026 | April 8, 2026 | April 8, 2026 | April 8, 2026 |
| FCR Rebuttal Expert Report(s) | April 10, 2026 | April 17, 2026 | April 23, 2026 | April 24, 2026 | April 23, 2026 | April 28, 2026 |
| Witness Declarations | April 17, 2026 | April 20, 2026 | April 20, 2026 | April 20, 2026 | April 13, 2026 | April 15, 2026 |
| Deadline to Object to the Motion | April 23, 2026 | April 29, 2026 | April 29, 2026 | May 1, 2026 | May 1, 2026 | May 4, 2026 |
| Close of Discovery | April 24, 2026 | April 30, 2026 | April 30, 2026 | May 1, 2026 | May 1, 2026 | May 4, 2026 |
| FCR's Reply ISO the Motion | May 7, 2026 | May 8, 2026 | May 11, 2026 | May 11, 2026 | May 11, 2026 | May 11, 2026 |

These scheduling discussions revolved around a draft certification of counsel and proposed schedule. These discussions began with the understanding that each side would act in good faith to produce documents as soon as possible, and with an understanding that the parties would work towards completing all necessary discovery in advance of the hearing. As such, the STAC had considered not taking the deposition of the FCR. Notwithstanding previous iterations of the proposed schedule, in light of the delays in production the STAC believes it is now necessary to reserve the right to depose the FCR.

**Requested Relief**

The FCR has failed to produce documents, and has consistently proposed schedules that are unworkable, especially considering its deficient production. Accordingly, the STAC requests that the Court: (1) order the FCR and Ankura to produce all Ankura materials supporting the Revised Ankura Report, the Initial Ankura Report and the 2019-2022 Ankura Estimation by no later than 5:00 p.m. on April 9, 2026 and that the production be in standard practice formats (again, providing the coding for all formulas, calculations, etc.), and (2) set the below schedule.

| | |
|---|---|
| Production of all Ankura Materials | No later than April 9, 2026 at 5:00 p.m. (EST) |
| Bates White Principal Expert Report and Preliminary Rebuttal | April 15, 2026 |
| Bates White Production of Reliance Materials for Principal Expert Report | April 15, 2026 |
| Bates White Supplemental Rebuttal Report | April 20, 2026 |
| Ankura Rebuttal Report to Bates White Principal Report | April 27, 2026 |
| Deadline to Object to the Motion | May 1, 2026[3] |
| Deposition of Ankura | No earlier than May 5, 2026 |
| FCR's Reply ISO the Motion | May 11, 2026 |

Respectfully submitted,

*/s/ Jeremy W. Ryan*

Jeremy W. Ryan

---

[3] In order to keep the Motion on track for presentation at the May 13 and 14 hearing, the STAC will file its objection to the motion without the benefit of the Akura deposition, but reserves the right to supplement its objection if necessary.