**YOUNG CONAWAY**

**Michael S. Neiburg**
P 302.576.3590
mneiburg@ycst.com

April 15, 2026

**ELECTRONIC MAIL & HAND DELIVERY**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, Delaware 19801

> Re:    In re Delaware BSA, LLC, Case No. 20-10342 (LSS) – Discovery Scheduling
> Dispute Re: Motion for Judicial Resolution of Payment Percentage Dispute

Dear Judge Silverstein:

Young Conaway Stargatt & Taylor, LLP is counsel to James Patton, the legal representative for future claimants under the BSA Settlement Trust Agreement (the "FCR").  The FCR writes in response to the April 15, 2026 supplemental letter [D.I. 156] filed by the Settlement Trust Advisory Committee (the "STAC").

As detailed in the FCR's letter to the Court, dated April 9, 2026 [D.I. 126] (the "April 9 Letter"), the only affirmative expert report at issue—and thus the only subject of a proper expert rebuttal report—is Ankura's expert report (the "Ankura Expert Report") attached to the *Motion of the Future Claimants' Representative for Judicial Resolution of Payment Percentage Dispute* [Case No. 20-10343, D.I. 13451] (the "Motion").  The STAC has been in possession of the Ankura Expert Report since the FCR filed the Motion on February 17, 2026, and has had the reliance materials since April 3, 2026 (as revised on April 8, 2026).[1]  Ankura's Preconfirmation Consulting Materials[2] are not at issue, are not discoverable, and should not be considered with respect to any scheduling order entered regarding the Motion.

Permitting the STAC to file a rebuttal expert report in fourteen (14) days would be prejudicial to the FCR because, as contemplated by the Proposed Scheduling Order, expert discovery is set to close on May 4, 2026.  Even if the Court were to deny the STAC's requested relief today, the deadline for the STAC's rebuttal report would be April 29, 2026.  This would require the FCR and Ankura to analyze and digest the Bates White rebuttal report, prepare for and

---

[1] The STAC continues to reference "deficiencies" with Ankura's native, unlocked model underlying the Ankura Expert Report, stating that three (3) tabs in the excel file contained only data and did not contain formulas or calculations. This is not a deficiency.  Rather, Ankura utilized goal seeking—a common excel optimization method that a sophisticated economic modeling expert like Bates White should be familiar with.  Nonetheless, Ankura undertook the burden of inputting formulas and calculations for every single value associated with the native, unlocked model underlying the Ankura Expert Report and further provided explanatory comment where helpful.  The revised model was shared with the STAC on Aril 8, 2026.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the April 9 Letter.

The Honorable Laurie Selber Silverstein
April 15, 2026
Page 2

defend Ankura's deposition, and prepare for and take the Bates White deposition in three (3) business days.  This simply is not possible.

As noted in the April 9 Letter, the FCR does not object to moving the May 13-14, 2026 hearing date (the "Hearing Date").  In fact, the FCR suggested doing just that on April 6, offering to continue working with the STAC on a reasonable litigation schedule.  Instead, the STAC ran to the Court for intervention.

Given the timing of the quickly approaching Hearing Date, the FCR respectfully requests that the Court (i) rule on whether the FCR is required to produce Ankura's Preconfirmation Consulting Materials, (ii) set a new hearing date on the Motion, and (iii) and permit the Parties to work together on a reasonable litigation schedule.

Counsel to the FCR is available at the Court's request to answer any questions.

Very truly yours,

*/s/ Michael S. Neiburg*
Michael S. Neiburg