# EXHIBIT B-1

# brownrudnick

DAVID J. MOLTON
dmolton@brownrudnick.com

February 17, 2026

**VIA EMAIL**

Joel Townsend
Deputy General Counsel, Head of Litigation
The Hartford
One Hartford Plaza
Hartford, CT 06155
Email:  Joel.Townsend@thehartford.com

Shannon Congdon
Associate General Counsel
The Hartford
One Hartford Plaza
Hartford, CT 06155
Email:  Shannon.Congdon@thehartford.com

Re:     Escrow Agreement; Reiteration of Request for Execution of Disbursement Instruction to Escrow Agent

Dear Mr. Townsend and Ms. Congdon:

**This communication contains a further request that the Depositor and Hartford immediately sign the Disbursement Instruction as described below so that funds may be made available to the tens of thousands of Abuse Victims.**

We represent the BSA Settlement Trust (the "Settlement Trust").  We refer you to (i) that certain Escrow Agreement made as of April 19, 2023 (the "Escrow Agreement"), by and among The Bank of New York Mellon, a New York banking corporation (the "Escrow Agent"), Hartford Fire Insurance Company, as depositor (the "Depositor"); Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company (collectively, "Hartford"); and the Boy Scouts of America and Delaware BSA, LLC, as debtors and debtors in possession (together, "BSA"), and, upon its joinder, the Settlement Trust, and (ii) the Underlying Agreement (as defined in the Escrow Agreement).[1]

---

[1] Familiarity with the Escrow Agreement and the Underlying Agreement is presumed, and capitalized terms not otherwise defined herein shall have the definitions ascribed to such terms in the Underlying Agreement, or, if such term is not in the Underlying Agreement, the definition in the Escrow Agreement.



This communication is in accordance with Section II.8 (Notices) of the Escrow Agreement; your counsel is copied.

As you know, Section IV.D of the Underlying Agreement provides, in relevant part, that "[s]ubject to the conditions precedent set forth in Section II.C of this Agreement, ***on, or as soon as reasonably practicable after, the Final Order Date, Hartford shall cause the Additional Payment***, including any income earned or net of any losses incurred through investment of the Additional Payment while held in the Escrow Account, and net of the Escrow Costs (the 'Net Additional Payment'), ***to be released from the Escrow Account to the Settlement Trust*** (the date on which such release occurs, the '**Release Date**')." (emphasis added). Section I.A.72 of the Underlying Agreement confirms that "Release Date" shall have the meaning ascribed to it in Section IV.D of the Underlying Agreement.

The Settlement Trust understands that as of midnight on Friday, February 6, 2026, all of the conditions precedent set forth in Section II.C. of the Underlying Agreement had occurred, and a Final Order Date had occurred. As such, the Release Date should have occurred on Monday, February 9, 2026[2] or as soon as reasonably practicable thereafter.

Section I.3.b (Delivery of Escrow Property to the Settlement Trust) of the Escrow Agreement provides, in relevant part, that "[s]ubject to the conditions precedent set forth in Section II.C of the Underlying Agreement, ***on, or as soon as reasonably practicable after, the Final Order Date*** (as such term is defined in the Underlying Agreement), ***the Depositor or Hartford shall provide written instructions*** in the form attached hereto as <u>Exhibit A</u> ***to the Escrow Agent and the Escrow Agent shall*** (i) pay all reasonable and customary fees, costs and expenses of the Escrow Agent (including reasonable fees, costs and expenses of its counsel) incurred in the normal course of business of carrying out all duties and obligations under the Escrow Agreement and all taxes that are payable and all other Escrow Costs (as such term is defined in the Underlying Agreement) of the Escrow Account, and (ii) ***release all remaining balance of the Escrow Property to the Settlement Trust***." Exhibit A to the Escrow Agreement provides the form of the *Final Funds Disbursement to Settlement Trust Instruction* (the "<u>Disbursement Instruction</u>") that must be provided to the Escrow Agent.

On February 3, 2026, counsel to BSA sent an email to counsel to the Depositor and Hartford (the "<u>First Request</u>") providing the form of Disbursement Instruction consented to by the Settlement Trust and BSA, requesting that the Depositor and Hartford sign such Disbursement Instruction, and indicating a proposed Release Date of February 9, 2026.

Notwithstanding the aforementioned First Request and the Depositor's and Harford's obligation to sign the Disbursement Instruction by February 9, 2026 or as soon as reasonably practicable thereafter, as of the date of this letter the Depositors have not signed the Disbursement Instruction.

---

[2] Escrow Agreement § II.8 provides, in relevant part, that "[w]henever under the terms hereof the time for giving a notice or performing an act falls upon a Saturday, Sunday, or banking holiday, such time shall be extended to the next Business Day."



The Settlement Trust's position is that there is no basis for Depositor and Hartford to delay execution of the Disbursement Instruction because they seek more time analyze their tax considerations.

The Settlement Trust hereby requests that the Depositor and Hartford immediately sign, pursuant to Escrow Agreement § I.3.b, the Disbursement Instruction in the form consented to by the Settlement Trust and BSA.

The Settlement Trust reserves, and does not waive, any and all rights and remedies it has under the Escrow Agreement and the Underlying Agreement, as well as all of its rights at law or in equity.

Thank you for your attention to this serious matter that demands your urgent attention.  We look forward to hearing from you.

Sincerely,

**BROWN RUDNICK LLP**

*/s/ David J. Molton*
David J. Molton


cc:

James P. Ruggeri
Joshua Weinberg
Ruggeri Parks Weinberg LLP
1875 K Street, Suite 600
Washington, DC 20006
jruggeri@ruggerilaw.com
jweinberg@ruggerilaw.com

Philip D. Anker
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich St.
New York, New York 10007
Philip.Anker@Wilmerhale.com