# EXHIBIT B-2

# brownrudnick

DAVID J. MOLTON
dmolton@brownrudnick.com

February 17, 2026

**VIA EMAIL**

John J. Dwyer, Esq.
Century Indemnity Company
436 Walnut Street
Philadelphia, PA 19106
Email: John.Dwyer@brandywineholdings.com

Christopher J. Celentano
The Chubb Companies
10 Exchange Place, 9th Floor
Jersey City, NJ 07302
Email: Christoper.celentano@chubb.com

Re:    Escrow Agreement; Reiteration of Request for Execution of Disbursement Instruction to Escrow Agent

Gentlemen:

**This communication contains a further request that the Depositors immediately sign the Disbursement Instruction as described below so that funds may be made available to the tens of thousands of Abuse Victims.**

We represent the BSA Settlement Trust (the "Settlement Trust"). We refer you to (i) that certain Escrow Agreement made as of September 8, 2022 (the "Escrow Agreement"), by and among The Bank of New York Mellon, a New York banking corporation (the "Escrow Agent"), Century Indemnity Company, Federal Insurance Company, and Westchester Fire Insurance Company, as depositors (collectively, the "Depositors"), the Boy Scouts of America and Delaware BSA, LLC, as debtors and debtors in possession (together "BSA"), and, upon its joinder, the Settlement Trust, and (ii) the Underlying Agreement (as defined in the Escrow Agreement).[1]

This communication is in accordance with Section II.8 (Notices) of the Escrow Agreement; your counsel is copied.

---

[1] Familiarity with the Escrow Agreement and the Underlying Agreement is presumed, and capitalized terms not otherwise defined herein shall have the definitions ascribed to such terms in the Underlying Agreement, or, if such term is not in the Underlying Agreement, the definition in the Escrow Agreement.



Messrs. Dwyer and Celentano
February 17, 2026
Page 2

As you know, Section 4.b of the Underlying Agreement provides, in relevant part, that "[t]he remaining ██████████ balance of the Settlement Amount (the 'Additional Payment') and the Net Income shall remain in the Escrow Account *until the Confirmation Order shall become a Final Order* (as defined in the Plan), *and the other conditions precedent to the occurrence of the Release Date have occurred, on which date the Additional Payment, plus any Net Income, shall be released from the Escrow Account to the Trust*."

"Release Date" is defined in Section 49 of the Underlying Agreement:

> "**Release Date**" shall mean the earliest date on which all of the following conditions precedent have occurred, provided however, that any of the following conditions precedent may be waived pursuant to a writing signed by each Party:
> 1. Each Party has executed this Agreement;
> 2. The Settling Insurers have received a fully executed Local Council Joinder on behalf of each Local Council;
> 3. The Bankruptcy Court has entered the Confirmation Order which has been affirmed by the District Court through the Affirmation Order, both in form and substance acceptable to the Settling Insurers, the Debtors, the Coalition, and the FCR as it pertains to this Agreement, which shall serve as the order approving this Agreement and shall include all necessary and appropriate findings and conclusions in relation thereto;
> 4. The Confirmation Order provides for a release and channeling injunction for the benefit of the Protected Parties (including the Settling Insurers), the Local Councils, the Contributing Chartered Organizations, the Opt-Out Chartered Organizations, the Participating Chartered Organizations and their respective Representatives (in their capacities as such) consistent with this Agreement;
> 5. The BSA has provided written notice to the Settling Insurers that the Plan Effective Date has occurred; and
> 6. The Confirmation Order is a Final Order.

The Settlement Trust understands that as of midnight on Friday, February 6, 2026, the Confirmation Order became a Final Order, and all of the other conditions precedent enumerated above had occurred.  As such, the Release Date should have occurred on Monday, February 9, 2026.[2]

Section I.3.b (Delivery of Escrow Property to the Settlement Trust) of the Escrow Agreement provides, in relevant part, that "*[o]n the Release Date, and upon the written instruction of the Depositors* in the form attached hereto as Exhibit A-2, *the Escrow Agent shall* (i) pay all fees, costs and expenses of the Escrow Agent (including reasonable fees, costs and expenses of its counsel) incurred in the normal course of business of carrying out all duties and obligations

---

[2] Escrow Agreement § II.8 provides, in relevant part, that "[w]henever under the terms hereof the time for giving a notice or performing an act falls upon a Saturday, Sunday, or banking holiday, such time shall be extended to the next Business Day."



Messrs. Dwyer and Celentano
February 17, 2026
Page 3

under the Escrow Agreement and all taxes that are payable and other costs of the Escrow Account, (ii) ***release all remaining balance of the Escrow Property to the Settlement Trust***." (emphasis added).[3]  Exhibit A-2 to the Escrow Agreement provides the form of the *Final Funds Disbursement to Settlement Trust Instruction* (the "Disbursement Instruction") that must be provided to the Escrow Agent.

On February 3, 2026, counsel to BSA sent an email to counsel to the Depositors (the "First Request") providing the form of Disbursement Instruction consented to by the Settlement Trust and BSA, requesting that the Depositors sign such Disbursement Instruction, and indicating a proposed Release Date of February 9, 2026.

Notwithstanding the aforementioned First Request and the Depositors' obligation to sign the Disbursement Instruction by February 9, 2026, as of the date of this letter the Depositors have not signed the Disbursement Instruction.

The Settlement Trust's position is that there is no basis for the Depositors to delay execution of the Disbursement Instruction because they seek more time to analyze their tax considerations.

The Settlement Trust hereby requests that the Depositors immediately sign, pursuant to Escrow Agreement § I.3.b, the Disbursement Instruction in the form consented to by the Settlement Trust and BSA.

The Settlement Trust reserves, and does not waive, any and all rights and remedies it has under the Escrow Agreement and the Underlying Agreement, as well as all of its rights at law or in equity.

Thank you for your attention to this serious matter that demands your urgent attention.  We look forward to hearing from you.

[*Signature Page Follows*]

---

[3] The Escrow Agreement looks to the Underlying Agreement for the definition of the "Release Date."  *See* Escrow Agreement at 2 (providing, in relevant part, that "[c]apitalized terms not otherwise defined herein shall have the definitions ascribed to such terms in the Plan (as defined herein), which shall be consistent with the meanings given in the Underlying Agreement (as defined herein)."); Plan at § I.A.244 ("'Release Date' means the date on which the Confirmation Order becomes a Final Order or, when such term is used with respect to any Insurance Settlement Agreement with a Settling Insurance Company, the term 'Release Date' shall have the meaning ascribed to such term in the applicable Insurance Settlement Agreement.").



Messrs. Dwyer and Celentano
February 17, 2026
Page 4

Sincerely,

**BROWN RUDNICK LLP**

*/s/ David J. Molton*
David J. Molton


cc:

Tancred Schiavoni, Esq.
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
Email: tschiavoni@omm.com