The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court
District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

RECEIVED

2026 JUL -7 A 11: 38

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

**Re: Letter to the Court from a Boy Scouts Settlement Trust Survivor**

Dear Judge Silverstein:

I respectfully submit this letter for the Court's consideration in advance of the July 24, 2026, hearing concerning matters affecting the administration of the Boy Scouts of America Settlement Trust. Although I attended law school, I did not complete my legal education. I have, however, been a plaintiff in civil litigation for more than forty years and offer these observations solely from the perspective of a survivor whose life has been directly affected by this process.

I was awarded for the horrific abuse I suffered during the 1960s. In my opinion, the valuation of my claim was fair. My concern is that award values were announced before it was known whether sufficient funds would ultimately be available to satisfy those awards. As a result, many survivors, including myself, have been left with significant uncertainty regarding the actual value of their recoveries. Whether those concerns ultimately prove justified or not, the uncertainty itself has imposed a heavy emotional burden.

It is my understanding that the Court will soon consider important issues affecting the administration of the Trust, including matters relating to reserves for future claimants and the availability of funds for current survivors. I also understand that substantial litigation with insurers remains pending. If appropriate, I respectfully encourage consideration of any process including mediation, arbitration, or other consensual means of resolution that may help conclude those disputes more efficiently so that survivors may receive fair compensation without unnecessary delay.

From a survivor's perspective, the current process of relatively small interim distributions has been emotionally difficult. In my own case, the uncertainty surrounding the ultimate value of my recovery has aggravated my pre-existing generalized anxiety disorder and delayed my ability to address

medical expenses and other financial obligations. I appreciate that the Court must balance many competing legal and financial interests, but I respectfully ask that the human impact upon aging survivors remain an important consideration.

I respectfully request that, as significant developments occur affecting the Trust's assets, reserve requirements, or anticipated recoveries, survivors receive updated reassessments of their expected distributions as promptly as reasonably practicable. Many survivors are elderly and must make important decisions regarding medical care, housing, financial planning, and estate matters. Providing timely reassessments, as material developments unfold, would allow survivors to make informed life decisions based upon the most current information available, rather than continuing under prolonged uncertainty.

Finally, I respectfully suggest that the Court consider whether additional oversight of claimant representation would benefit both survivors and the administration of the Settlement Trust. If the Court believes it appropriate, consideration could be given to appointing a Special Master, independent monitor, or similar officer to evaluate whether survivors represented by high-volume mass-tort law firms are receiving timely communication, appropriate supervision of outside vendors, and competent, diligent representation.

This recommendation is based solely upon my own experience as a survivor and upon more than forty years of experience as a plaintiff in civil litigation. In my opinion, meaningful oversight could encourage improved client service, greater accountability, and more efficient completion of claims. Such oversight would not only benefit survivors but also strengthen public confidence in the fairness and integrity of the Settlement Trust process.

I recognize the extraordinary responsibility entrusted to the Court in administering one of the most significant mass-tort settlements in our nation's history. I appreciate your consideration of these observations and offer them in the sincere hope that they may assist the Court in achieving a process that is as fair, transparent, and compassionate as possible for every survivor.

Respectfully submitted,

Anonymous